UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                                :

UNITED STATES OF AMERICA      :

    - v. -                  :

                                :

ALIMZHAN TOKHTAKHOUNOV,   :
    a/k/a "Taiwanchik,"
    a/k/a "Alik,"           :
VADIM TRINCHER,
    a/k/a "Dima,"           :
ANATOLY GOLUBCHIK,
    a/k/a "Tony,"           :
MICHAEL SALL,
STAN GREENBERG,           :
    a/k/a "Slava,"
ILLYA TRINCHER,           :
HILLEL NAHMAD,
    a/k/a "Helly,"         :
JOHN HANSON,
NOAH SIEGEL,            :
    a/k/a "The Oracle,"
JONATHAN HIRSCH,        :
ARTHUR AZEN,
DONALD MCCALMONT,       :
DMITRY DRUZHINSKY,
    a/k/a "Dima,"           :
    a/k/a "Blondie,"
ALEXANDER ZAVERUKHA,    :
    a/k/a "Sasha,"
ALEXANDER KATCHALOFF,   :
    a/k/a "Murushka,"
ANATOLY SHTEYNGROB,    :
    a/k/a "Tony,"
ILYA ROZENFELD,          :
PETER SKYLLAS,
RONALD UY,             :
NICHOLAS HIRSCH,
BRYAN ZURIFF,          :
MOSHE ORATZ,
KIRILL RAPOPORT,       :
DAVID AARON,
    a/k/a "D.A.,"        :
JUSTIN SMITH,
ABRAHAM MOSSERI,       :

ORIGINAL

SEALED
INDICTMENT

13 Cr.

13 CRIM 268

- 1 -

```
WILLIAM EDLER,                           :
PETER FELDMAN,                           :
EUGENE TRINCHER,                         :
EDWIN TING,                              :
     a/k/a "Eddie,"                      :
MOLLY BLOOM,                             :
WILLIAM BARBALAT,                        :
YUGESHWAR RAJKUMAR,                      :
     a/k/a "Mateo Hermatte," and         :
JOSEPH MANCUSO,                          :
     a/k/a "Joe the Hammer,"             :
                                         :
               Defendants.               :
                                         :
- - - - - - - - - - - - - - - - -x
```

## COUNT ONE

**(Racketeering Conspiracy:  Taiwanchik-Trincher Organization)**

The Grand Jury charges:

### The Enterprise

1.   At all times relevant to this Indictment,
ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM
TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL
SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, and
others known and unknown, were members and associates of the
"Taiwanchik-Trincher Organization."  The Taiwanchik-Trincher
Organization was a criminal organization whose members and
associates engaged in crimes including operating an illegal
gambling business, money laundering, and extortion.

2.   The Taiwanchik-Trincher Organization, including
its leadership, membership, and associates, constituted an

"enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals associated in fact.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.  The Taiwanchik-Trincher Organization was an international organized crime group with leadership based in New York City, Kiev, and Moscow, and that operated throughout the United States, including in the Southern District of New York, and internationally.  The Taiwanchik-Trincher Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.   Most members and associates of the Taiwanchik-Trincher Organization were born in the former Soviet Union and many maintained substantial ties to Ukraine and the Russian Federation, including regular travel to Ukraine and the Russian Federation, criminal connections to individuals residing in Ukraine and the Russian Federation, the transfer of criminal proceeds to and from Ukraine and the Russian Federation, the purchase of real estate and other assets in Ukraine and the Russian Federation with criminal proceeds, and the operation of an international gambling business in Ukraine and the former Soviet Union.

4.    The Taiwanchik-Trincher Organization was led
principally by three individuals:  ALIMZHAN TOKHTAKHOUNOV, a/k/a
"Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and
ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants.

5.    ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a
"Alik," the defendant, who lived in the Russia Federation, was a
"vory v zakone," commonly referred to as "Vor" -- a Russian term
translated as "Thief-in-Law" and referring to a member of a
select group of the highest-level criminal figures from the
former Soviet Union who receives tribute from other criminals,
offers protection, and uses his recognized position of authority
to resolve disputes among criminals.  As a Vor, TOKHTAKHOUNOV
had substantial influence in the criminal underworld and offered
assistance to and protection of the Taiwanchik-Trincher
Organization.

6.    The two other leaders of the Taiwanchik-Trincher
Organization, VADIM TRINCHER, a/k/a "Dima," and ANATOLY
GOLUBCHIK, a/k/a "Tony," the defendants, were based in New York
City.  TRINCHER and GOLUBCHIK were the principal, though not
exclusive, leaders of the Taiwanchik-Trincher Organization's
criminal conduct and ventures, which included an illegal
gambling business, money laundering, extortion, and other
crimes.  TRINCHER and GOLUBCHIK were assisted by numerous

- 4 -

criminal partners and associates throughout the United States,
Ukraine, the Russian Federation, and elsewhere.

### The Defendants

7.  Vor ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik,"
a/k/a "Alik," the defendant, was a powerful figure in former
Soviet Union organized crime.  TOKHTAKHOUNOV rarely left the
former Soviet Union because he was under indictment by the
United States Attorney's Office for the Southern District of New
York on charges related to his role in allegedly bribing
officials at the 2002 Winter Olympic Games in Salt Lake City,
Utah.  TOKHTAKHOUNOV was a participant in the enterprise, the
Taiwanchik-Trincher Organization, and was a leader of it.
TOKHTAKOUNOV used his status as a Vor to resolve disputes with
clients of the high-stakes illegal gambling operation with
implicit and sometimes explicit threats of violence and economic
harm.  From in or around December 2011 through in or about
January 2012, TOKHTAKOUNOV was paid $10,000,000 by the
Taiwanchik-Trincher Organization.

8.  VADIM TRINCHER, a/k/a "Dima," the defendant, was
a participant in the enterprise, the Taiwanchik-Trincher
Organization, and was a leader of it.  In that capacity,
TRINCHER participated in and profited from various crimes, which
he committed along with other members and associates of the
Taiwanchik-Trincher Organization.  Among other things, TRINCHER

oversaw a high-stakes illegal sports gambling business that catered almost exclusively to oligarchs living in Ukraine and the Russian Federation.

9.   ANATOLY GOLUBCHIK, a/k/a "Tony," the defendant, was a participant in the enterprise, the Taiwanchik-Trincher Organization, and was a leader of the enterprise.  In that capacity, GOLUBCHIK participated in and profited from various crimes, which he committed along with other members and associates of the Taiwanchik-Trincher Organization.  Among other things, GOLUBCHIK worked with TRINCHER to oversee the sports gambling business and directed members and associates of the Taiwanchik-Trincher Organization in laundering tens of millions of dollars of profits from that business.

10.   MICHAEL SALL and STAN GREENBERG, a/k/a "Slava," the defendants, were United States-based participants in the enterprise, the Taiwanchik-Trincher Organization.  In this capacity, these defendants participated in and profited from various crimes, including money laundering, which they committed along with other members and associates of the Taiwanchik-Trincher Organization.

<u>Purposes of the Enterprise</u>

11.   The purposes of the enterprise included the following:

- 6 -

a. enriching the leaders, members, and associates of the enterprise through an illegal gambling business, money laundering, extortion, and other crimes;

b. preserving and augmenting the power, territory, and financial profits of the enterprise through intimidation, violence, and threats of physical and economic harm; and

c. avoiding detection of their illegal conduct in order to continue to enrich themselves.

<u>Means and Methods of the Enterprise</u>

12. Among the means and methods by which ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, and their co-conspirators, and other members and associates conducted and participated in the conduct of the affairs of the Taiwanchik-Trincher Organization were the following:

a. Members and associates of the Taiwanchik-Trincher Organization and their co-conspirators worked together on a range of criminal money-making schemes, including operating an international gambling business that catered to oligarchs residing in the former Soviet Union and throughout the world.

b.   Members and associates of the Taiwanchik-Trincher Organization and their co-conspirators used threats of violence to obtain unpaid gambling debts from clients.

c.   Members and associates of the Taiwanchik-Trincher Organization and their co-conspirators employed a sophisticated money laundering scheme to move tens of millions of dollars in proceeds from the gambling operation from the former Soviet Union through shell companies in Cyprus into various investments and other shell companies in the United States.

The Racketeering Conspiracy

13.  From at least in or about 2006, up to and including on or about the date of this Indictment, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, and others known and unknown, in the Southern District of New York and elsewhere, being persons employed by and associated with the racketeering enterprise described in paragraphs 1 through 12 above, namely, the Taiwanchik-Trincher Organization, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), to wit, to

conduct and participate, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, as those terms are defined in Title 18, United States Code, Sections 1961(1) and 1961(5), and as set forth below in paragraph 14.  It was further a part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

### The Pattern of Racketeering

14.  The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise consisted of multiple acts indictable under the following federal and state statutes:

a.   Title 18, United States Code, Section 1955 (operating an illegal gambling business);

b.   Title 18, United States Code, Section 1951 (interference with commerce by threats and violence);

c.   Title 18, United States Code, Sections 1956 and 1957 (money laundering);

d.   Title 18, United States Code, Section 1084 (transmission of wagering information),

e.   Title 18, United States Code, Section 1952 (interstate and foreign travel and transportation in aid of racketeering enterprises);

f.   Title 18, United States Code, Section 894 (collection of extensions of credit by extortionate means); and

g.   Multiple acts involving gambling, in violation of New York Penal Law Section 225.10.

It was further a part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Racketeering:  Taiwanchik-Trincher Organization)

The Grand Jury further charges:

15.   The allegations contained in paragraphs 1 through 12 above are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging Count Two of this Indictment.

16.   From at least in or about 2006, up to and including on or about the date of this Indictment, ALIMZHAN

TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, in the Southern District of New York and elsewhere, being persons employed by and associated with the racketeering enterprise described in paragraphs 1 through 12 above, namely, the Taiwanchik-Trincher Organization, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly did conduct and participate, directly and indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity as set forth below in paragraphs 17 through 24.

<u>The Pattern of Racketeering</u>

17.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One:   Illegal Gambling Business</u>

18.   ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, supervised an international bookmaking operation that catered primarily to oligarchs located in the former Soviet Union and throughout the world.   The defendants committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

a.   From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, knowingly and willfully did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), to wit, the defendants operated a bookmaking business that violated New York Penal Law 225.10, involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of such business, and had been and remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day, in violation of Title 18, United States Code, Section 1955(a).

b.   From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, knowingly and willfully did advance and profit from unlawful gambling activity by engaging in bookmaking to the extent that they received and accepted in any one day more than

five bets totaling more than $5,000, in violation of New York

Penal Law Section 225.10.

    c. From at least in or about 2006, up to and

including on or about the date of this Indictment, in the

Southern District of New York and elsewhere, ALIMZHAN

TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER,

a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the

defendants, being engaged in the business of betting and

wagering, knowingly and willfully did use a wire communication

facility for the transmission in interstate and foreign commerce

of bets and wagers and information assisting in the placing of

bets and wagers on sporting events and contests, and for the

transmission of wire communications which entitled the recipient

to receive money and credit as a result of bets and wagers, and

for information assisting in the placing of bets and wagers, in

violation of Title 18, United States Code, Section 1084.

<u>Racketeering Act Two: Extortion Conspiracy</u>

    19. ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a

"Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK,

a/k/a "Tony," the defendants, committed the following acts, any

one of which alone constitutes the commission of Racketeering

Act Two:

    a. From at least in or about 2006, up to and

including on or about the date of this Indictment, in the

Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, clients of their illegal gambling business, which consent was and would have been induced by the wrongful use of actual and threatened force, violence and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

       b.   From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate

means, as that term is defined in Title 18, United States Code,
Section 891(7), to collect and attempt to collect extensions of
credit, as that term is defined in Title 18, United States Code,
Section 891(1), and to punish persons, to wit, clients of their
illegal gambling business, for the nonrepayment thereof, in
violation of Title 18, United States Code, Section 894.

<u>Racketeering Act Three:  Extortion of Client-1</u>

20.   ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a
"Alik," the defendant, committed the following acts, any one of
which alone constitutes the commission of Racketeering Act
Three:

a.   In or about May 2012, in the Southern
District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV,
a/k/a "Taiwanchik," a/k/a "Alik," the defendant, and others
known and unknown, willfully and knowingly did commit and
attempt to commit extortion, and aid and abet the commission of
extortion, as that term is defined in Title 18, United States
Code, Section 1951(b)(2), by attempting to obtain and obtaining
money and property from and with the consent of "Client-1," a
client of the enterprise's illegal gambling business, whose
consent was induced by the wrongful use of actual and threatened
force, violence, and fear, and thereby attempted to and did
obstruct, delay, and affect commerce, as that term is defined in

Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

        b.   In or about May 2012, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," the defendant, and others known and unknown, willfully and knowingly did participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891(1), and to punish a person, to wit, Client-1, for the nonrepayment thereof, in violation of Title 18, United States Code, Section 894.

<u>Racketeering Act Four:  Extortion of Client-2</u>

        21.  VADIM TRINCHER, a/k/a "Dima," the defendant, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

        a.   In or about February 2012, in the Southern District of New York and elsewhere, VADIM TRINCHER, a/k/a "Dima," the defendant, and others known and unknown, willfully and knowingly did commit and attempt to commit extortion, and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by attempting to obtain and obtaining money and property from and with the consent of "Client-2," a client of the enterprise's

illegal gambling business, whose consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby attempted to and did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Sections 1951 and 2.

b.   In or about February 2012, in the Southern District of New York and elsewhere, VADIM TRINCHER, a/k/a "Dima," the defendant, and others known and unknown, willfully and knowingly did participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891(1), and to punish a person, to wit, Client-2, for the nonrepayment thereof, in violation of Title 18, United States Code, Section 894.

<u>Racketeering Act Five:  Money Laundering Conspiracy</u>

22.   ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, participated in a sophisticated international scheme to launder tens of millions of dollars in proceeds from their illegal gambling business through bank accounts and shell companies in Cyprus, including from the Russia Federation to Cyprus and then back to the Russian

Federation, and from the Russian Federation to Cyprus and then to the United States.

     a.    From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Sections 1956 (a)(1)(B)(i), (a)(2)(A), and (a)(2)(B)(i), and 1957 of Title 18, United States Code.

     b.    It was a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, knowing that such financial transactions were designed in whole

and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

    c.   It was further a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, willfully and knowingly would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law 225.10, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

    d.   It was further a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, willfully and knowingly would and did transport,

transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States knowing that the monetary instruments and funds involved in the transportations, transmissions, and transfers represented the proceeds of some form of unlawful activity and knowing that such transportations, transmissions, and transfers were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

      e.   It was further a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did knowingly engage in and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property that was of a value greater than $10,000, to

wit, wire transfers in excess of $10,000 between bank accounts in Cyprus controlled by the defendants and bank accounts in the United States controlled by the defendants, such property having been derived from a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1957.

Racketeering Act Six:  Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprise

23.  In or about January 2010, in the Southern District of New York and elsewhere, VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, knowingly and willfully travelled in interstate and foreign commerce and used the mail and a facility in interstate and foreign commerce with intent to distribute the proceeds of an unlawful activity, that is a business enterprise involving gambling in violation of Title 18 United States Code Sections 1955 and 1084, and New York Penal Law Section 225.10, and did distribute the proceeds of that unlawful activity, to wit, TRINCHER and GOLUBCHIK caused $3,000,000 in proceeds from their illegal gambling business to be sent from a bank account they controlled in Cyprus to a bank account they controlled in the

United States, in violation of Title 18, United States Code, Section 1952(a)(1).

### Racketeering Act Seven: Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprise

24.  In or about September 2012, in the Southern District of New York and elsewhere, VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants, knowingly and willfully travelled in interstate and foreign commerce and used the mail and a facility in interstate and foreign commerce with intent to distribute the proceeds of an unlawful activity, that is a business enterprise involving gambling in violation of Title 18 United States Code Sections 1955 and 1084, and New York Penal Law Section 225.10, and did distribute the proceeds of that unlawful activity, to wit, TRINCHER and GOLUBCHIK caused approximately $2,200,000 in proceeds from their illegal gambling business to be sent from a bank account they controlled in Cyprus to a bank account they controlled in the United States, in violation of Title 18, United States Code, Section 1952(a)(1).

(Title 18, United States Code, Section 1962(c).)

## COUNT THREE

### (Racketeering Conspiracy:  Nahmad-Trincher Organization)

The Grand Jury further charges:

### The Enterprise

25.  At all times relevant to this Indictment, ILLYA

TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The

Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR AZEN, and DONALD

MCCALMONT, the defendants, and others known and unknown, were

members and associates of the "Nahmad-Trincher Organization."

The Nahmad-Trincher Organization was a criminal organization

whose members and associates engaged in crimes, including

conducting an illegal gambling business, money laundering, and

extortion.

26.  The Nahmad-Trincher Organization, including its

leadership, membership, and associates, constituted an

"enterprise," as that term is defined in Title 18, United States

Code, Section 1961(4) -- that is, a group of individuals

associated in fact.  This enterprise was engaged in, and its

activities affected, interstate and foreign commerce.  The

Nahmad-Trincher Organization was an organized crime group with

leadership based in New York City and Los Angeles, and that

operated throughout the United States, including in the Southern

District of New York, and internationally.  The Nahmad-Trincher

Organization constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

27. The criminal conduct of the Nahmad-Trincher Organization was directed principally, though not exclusively, by its leaders: ILLYA TRINCHER, son of VADIM TRINCHER, a/k/a "Dima," HILLEL NAHMAD, a/k/a "Helly," and NOAH SIEGEL, a/k/a "The Oracle," the defendants, who were based in New York City. ILLYA TRINCHER, NAHMAD, and SIEGEL worked together to lead multiple related criminal ventures including an illegal gambling business, money laundering, and other crimes. TRINCHER, NAHMAD, and SIEGEL were assisted by numerous criminal partners and associates throughout the United States, Europe, and elsewhere.

28. The Nahmad-Trincher Organization was a high-stakes illegal gambling business run out of New York City and Los Angeles that catered primarily to multi-millionaire and billionaire clients. The Nahmad-Trincher Organization used online gambling websites, operating illegally in the United States, to operate an illegal gambling business that generated tens of millions of dollars in bets each year.

29. The Nahmad-Trincher Organization laundered the proceeds of the gambling operation through a host of American bank accounts and Titan P & H LLC ("Titan"), a plumbing company in the Bronx that the Nahmad-Trincher Organization acquired a fifty percent interest in as repayment of a gambling debt.

30.   The Nahmad-Trincher Organization was financed by a number of different individuals and entities, including the Helly Nahmad Gallery in New York City, an art gallery operated by HILLEL NAHMAD, a/k/a "Helly," the defendant, in the Carlyle Hotel in New York City; NAHMAD's father, a billionaire art dealer located in Europe; and JH Capital Inc., an investment firm run by JOHN HANSON, the defendant.

### The Defendants

31.   ILLYA TRINCHER, the defendant, was a participant in the enterprise, the Nahmad-Trincher Organization, and was a leader of the enterprise.  In that capacity, TRINCHER participated in and profited from various crimes, which he committed along with other members and associates of the Nahmad-Trincher Organization.  Among other things, TRINCHER oversaw a high-stakes illegal gambling business.

32.   HILLEL NAHMAD, a/k/a "Helly," the defendant, was a participant in the enterprise, the Nahmad-Trincher Organization, and was a leader of the enterprise.  In that capacity, NAHMAD participated in and profited from various crimes, which he committed along with other members and associates of the Nahmad-Trincher Organization.  Among other things, NAMHAD worked with TRINCHER to launder tens of millions of dollars on behalf of the illegal gambling business.

33.   NOAH SIEGEL, a/k/a "The Oracle," the defendant, was a participant in the enterprise, the Nahmad-Trincher Organization, and was a leader of the enterprise.  In that capacity, SIEGEL participated in and profited from various crimes, which he committed along with other members and associates of the Nahmad-Trincher Organization.  Among other things, SIEGEL worked with TRINCHER to oversee a high-stakes illegal gambling business.

34.   JOHN HANSON, ARTHUR AZEN, JOHN HIRSCH, and DON MCCALMONT, the defendants, were also participants in the enterprise, the Nahmad-Trincher Organization.  In this capacity, these defendants participated in and profited from various crimes, including operating an illegal gambling business and money laundering, which they committed along with other members and associates of the Nahmad-Trincher Organization.

Purposes of the Enterprise

35.   The purposes of the enterprise included the following:

a.   enriching the leaders, members, and associates of the enterprise through an illegal gambling business, money laundering, extortion, and other crimes; and

b.   avoiding detection of their illegal conduct in order to continue to enrich themselves.

## Means and Methods of the Enterprise

36.   Among the means and methods by which ILLYA
TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The
Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR AZEN, and DONALD
MCCALMONT, the defendants, and their co-conspirators, and other
members and associates conducted and participated in the conduct
of the affairs of the Nahmad-Trincher Organization were the
following:

a.   Members and associates of the Nahmad-
Trincher Organization and their co-conspirators worked together
on a range of criminal money-making schemes, including operating
an illegal international gambling business that catered to
multi-millionaires and billionaires.

b.   Members and associates of the Nahmad-
Trincher Organization and their co-conspirators employed a
sophisticated money laundering scheme to launder tens of
millions of dollars through various bank accounts and
corporations, including Titan.

## The Racketeering Conspiracy

37.   From at least in or about 2006, up to and
including on or about the date of this Indictment, ILLYA
TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The
Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR AZEN, and DONALD
MCCALMONT, the defendants, and others known and unknown, in the

Southern District of New York and elsewhere, being persons

employed by and associated with the racketeering enterprise

described in paragraphs 25 through 34 above, namely, the Nahmad-

Trincher Organization, which enterprise was engaged in, and the

activities of which affected, interstate and foreign commerce,

willfully and knowingly combined, conspired, confederated, and

agreed together and with each other to violate Title 18, United

States Code, Section 1962(c), to wit, to conduct and

participate, directly and indirectly, in the conduct of such

enterprise's affairs through the collection of unlawful debt as

set forth in paragraph 38 below, and through a pattern of

racketeering activity as set forth below in paragraph 39.

<u>Collection of Unlawful Debt</u>

38. The collection of unlawful debt, as that term is

defined in Title 18, United States Code, Section 1961(6),

through which the defendants and their co-conspirators agreed to

conduct and participate directly and indirectly in the conduct

of the affairs of the enterprise, consisted of the collection of

unlawful gambling debts, that is, debts incurred and contracted

in gambling activity which was in violation of the law of the

United States and the law of the State of New York and which was

incurred in connection with a business of gambling in violation

of the law of the United States and the law of the State of New

York.  It was a part of the conspiracy that each defendant

agreed that a conspirator would commit at least one collection
of unlawful debt in the conduct of the affairs of the
enterprise.

### The Pattern of Racketeering

39.   The pattern of racketeering activity, as defined
in Title 18, United States Code, Sections 1961(1) and 1961(5),
through which ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH
SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR
AZEN, and DONALD MCCALMONT, the defendants, and their co-
conspirators agreed to conduct and participate in the conduct of
the affairs of the enterprise consisted of multiple acts
indictable under the following federal and state statutes:

a.    Title 18, United States Code, Section 1955
(operation of an illegal gambling business);

b.    Title 18, United States Code, Sections 1956
and 1957 (money laundering);

c.    Title 18, United States Code, Section 1084
(transmission of wagering information);

d.    Title 18, United States Code, Section 1952
(interstate and foreign travel and transportation in aid of
racketeering enterprises);

e.    Title 18, United States Code, Section 894
(collection of extensions of credit by extortionate means); and

f.    multiple acts involving gambling, in

violation of New York Penal Law Section 225.10.

It was further a part of the conspiracy that the defendants

agreed that a conspirator would commit at least two acts of

racketeering activity in the conduct of the affairs of the

enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT FOUR

### (Racketeering:  Nahmad-Trincher Organization)

The Grand Jury further charges:

40.    The allegations contained in paragraphs 25

through 39 above are hereby repeated, realleged, and

incorporated by reference herein as though fully set forth at

length for the purpose of alleging Count Four of this

Indictment.

41.    From at least in or about 2006, up to and

including on or about the date of this Indictment ILLYA

TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The

Oracle," ARTHUR AZEN, DON MCCALMONT and JOHN HANSON, the

defendants, and others known and unknown, in the Southern

District of New York and elsewhere, being persons employed by

and associated with the racketeering enterprise described in

paragraphs 25 through 39 above, namely, the Nahmad-Trincher

Organization, which enterprise was engaged in, and the
activities of which affected, interstate and foreign commerce,
willfully and knowingly did conduct and participate, directly
and indirectly, in the conduct of such enterprise's affairs
through a pattern of racketeering activity, as described in
paragraphs 42 through 49, and the collection of unlawful debt,
as described in paragraph 50.

### The Pattern of Racketeering

42.   The pattern of racketeering activity, as defined
in Title 18, United States Code, Sections 1961(1) and 1961(5),
consisted of the following acts:

### Racketeering Act One:  Illegal Gambling Business

43.   ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"
NOAH SIEGEL, a/k/a "The Oracle," and JOHN HANSON, the
defendants, operated an illegal international gambling business
that catered primarily to celebrities, professional poker
players, and very wealthy individuals working in the financial
industry.  The defendants committed the following acts, any of
which alone constitutes the commission of Racketeering Act One:

a.   From at least in or about 2006, up to and
including on or about the date of this Indictment, in the
Southern District of New York and elsewhere, ILLYA TRINCHER,
HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle,"
and JOHN HANSON, the defendants, knowingly and willfully did

conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), to wit, the defendants operated a bookmaking business which violated New York Penal Law 225.10, involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of such business, and had been and remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day, in violation of Title 18 United States Code, Section 1955(a).

b.    From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle," and JOHN HANSON, the defendants, knowingly and willfully did advance and profit from unlawful gambling activity by engaging in bookmaking to the extent that they received and accepted in any one day more than five bets totaling more than $5,000, in violation of New York Penal Law Section 225.10.

c.    From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle,"

and JOHN HANSON, the defendants, knowingly and willfully being engaged in the business of betting and wagering, did use a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on sporting events and contests, and for the transmission of wire communications which entitled the recipient to receive money and credit as a result of bets and wagers, and for information assisting in the placing of bets and wagers, in violation of Title 18, United States Code, Section 1084.

Racketeering Act Two: Extortion of Client-3

44. From at least in or about 2010, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ILLYA TRINCHER, DON MCCALMONT, ARTHUR AZEN, and JOHN HANSON, the defendants, and others known and unknown, willfully and knowingly did participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891(1), and to punish a person, to wit, "Client-3," for the nonrepayment thereof, in violation of Title 18, United States Code, Section 894(a)(1) and (2).

Racketeering Act Three:  Money Laundering Conspiracy

45.   ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"
NOAH SIEGEL, a/k/a "The Oracle," DON MCCALMONT, ARTHUR AZEN, and
JOHN HANSON, the defendants, participated in an international
conspiracy to launder tens of millions of dollars in proceeds
from their illegal gambling business.  From at least in or about
2006, up to and including on or about the date of this
Indictment, in the Southern District of New York and elsewhere,
ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a
"The Oracle," and JOHN HANSON, the defendants, and others known
and unknown, willfully and knowingly combined, conspired,
confederated, and agreed together and with each other to violate
Sections 1956 (a)(1)(A)(i), (a)(1)(A)(ii), (a)(1)(B)(i),
(a)(2)(A), and (a)(2)(B)(i), and 1957 of Title 18, United States
Code.

a.   It was a part and an object of the conspiracy
that ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL,
a/k/a "The Oracle," and JOHN HANSON, the defendants, and others
known and unknown, knowing that the property involved in
financial transactions represented the proceeds of some form of
unlawful activity, willfully and knowingly would and did conduct
and attempt to conduct financial transactions which in fact
involved the proceeds of specified unlawful activity, to wit, an
illegal gambling business in violation of Title 18, United

- 34 -

States Code, Sections 1955 and 1084, and New York Penal Law

Section 225.10, knowing that such financial transactions were

conducted with the intent to promote the carrying on of

specified unlawful activity, to wit, an illegal gambling

business, in violation of Title 18, United States Code, Section

1956(a)(1)(A)(i).

      b.   It was further a part and an object of the

conspiracy that ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"

NOAH SIEGEL, a/k/a "The Oracle," ARTHUR AZEN, DON MCCALMONT, and

JOHN HANSON, the defendants, and others known and unknown,

knowing that the property involved in financial transactions

represented the proceeds of some form of unlawful activity,

willfully and knowingly would and did conduct and attempt to

conduct financial transactions which in fact involved the

proceeds of specified unlawful activity, to wit, an illegal

gambling business in violation of Title 18, United States Code,

Sections 1955 and 1084, and New York Penal Law Section 225.10,

knowing that such financial transactions were conducted with the

intent to engage in conduct constituting a violation of sections

7201 and 7206 of the Internal Revenue Code of 1986, in violation

of Title 18, United States Code, Section 1956(a)(1)(A)(ii).

      c.   It was further a part and an object of the

conspiracy that ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"

NOAH SIEGEL, a/k/a "The Oracle," ARTHUR AZEN, DON MCCALMONT, and

JOHN HANSON, the defendants, and others known and unknown,
knowing that the property involved in financial transactions
represented the proceeds of some form of unlawful activity
willfully and knowingly would and did conduct and attempt to
conduct financial transactions which in fact involved the
proceeds of specified unlawful activity, to wit, an illegal
gambling business in violation of Title 18, United States Code,
Sections 1955 and 1084, and New York Penal Law Section 225.10,
knowing that such financial transactions were designed in whole
and in part to conceal and disguise the nature, location,
source, ownership and control of the proceeds of specified
unlawful activity, in violation of Title 18, United States Code,
Section 1956(a)(1)(B)(i).

     d.   It was further a part and an object of the
conspiracy that ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"
NOAH SIEGEL, a/k/a "The Oracle," and JOHN HANSON, the
defendants, and others known and unknown, willfully and
knowingly would and did transport, transmit, and transfer, and
attempt to transport, transmit, and transfer a monetary
instrument and funds from a place in the United States to and
through a place outside the United States and to a place in the
United States from and through a place outside the United States
with the intent to promote the carrying on of a specified
unlawful activity, to wit, an illegal gambling business in

violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

e.   It was further a part and an object of the conspiracy that ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle," and JOHN HANSON, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did engage in and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property that was of a value greater than $10,000, to wit, wire transfers in excess of $10,000 between various bank accounts controlled by the defendants and clients of the illegal gambling business, such property having been derived from a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1957.

Racketeering Act Four:  Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprise

46.   On or about September 12, 2012, in the Southern District of New York and elsewhere, HILLEL NAHMAD, a/k/a "Helly Nahmad," the defendant, knowingly and willfully travelled in

interstate and foreign commerce and used the mail and a facility
in interstate and foreign commerce with intent to otherwise
promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on, of an
unlawful activity, that is a business enterprise involving
gambling in violation of Title 18 United States Code Sections
1955 and 1084, and New York Penal Law Section 225.10, and did
promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of an
unlawful activity, to wit, NAHMAD caused $500,000 to be sent
from his father's bank account in Switzerland to ILLYA TRINCHER,
the defendant, in the United States, in violation of Title 18,
United States Code, Section 1952(a)(1).

<u>Racketeering Act Five:  Interstate and Foreign Travel and
Transportation in Aid of Racketeering Enterprise</u>

47.  On or about September 12, 2012, in the Southern
District of New York and elsewhere, ILLYA TRINCHER, the
defendant, knowingly and willfully travelled in interstate and
foreign commerce and used the mail and a facility in interstate
and foreign commerce with intent to otherwise promote, manage,
establish, carry on, and facilitate the promotion, management,
establishment, and carrying on, of an unlawful activity, that is
a business enterprise involving gambling in violation of Title
18 United States Code Sections 1955 and 1084, and New York Penal

Law Section 225.10, and did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, TRINCHER caused four hundred, $99,800 to be sent from his bank account in New York to an account in Taiwan that was controlled by an online gambling website operating illegally in the United States, in violation of Title 18, United States Code, Section 1952(a)(1).

<u>Racketeering Act Six:  Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprise</u>

48.  On or about June 4, 2011, in the Southern District of New York and elsewhere, HILLEL NAHMAD, a/k/a "Helly Nahmad," the defendant, knowingly and willfully travelled in interstate and foreign commerce and used the mail and a facility in interstate and foreign commerce with intent to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is a business enterprise involving gambling in violation of Title 18 United States Code Sections 1955 and 1084, and New York Penal Law Section 225.10, and did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, NAHMAD caused $850,000 to be sent from his father's bank account in Switzerland to a bank account under the control of NOAH SIEGEL, a/k/a "the Oracle," in the

United States, in violation of Title 18, United States Code,
Section 1952(a)(1).

### Racketeering Act Seven:
### Transmission of Wagering Information

49.   ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"
NOAH SIEGEL, a/k/a "The Oracle," and JOHN HANSON, the
defendants, were in the business of illegally betting on
professional sporting events and placed millions of dollars of
bets through online gambling websites operating illegally in the
United States.  From at least in or about 2008, up to and
including on or about the date of this indictment, in the
Southern District of New York and elsewhere, ILLYA TRINCHER,
HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle,"
and JOHN HANSON, the defendants, knowingly and willfully being
engaged in the business of betting and wagering, did use a wire
communication facility for the transmission in interstate and
foreign commerce of bets and wagers and information assisting in
the placing of bets and wagers on sporting events and contests,
and for the transmission of wire communications which entitled
the recipient to receive money and credit as a result of bets
and wagers, and for information assisting in the placing of bets
and wagers, in violation of Title 18, United States Code,
Section 1084.

Collection of Unlawful Debt

50.  The collection of unlawful debt defined by Title 18, United States Code, Section 1961(6), that is, a debt (A) incurred and contracted in gambling activity which was in violation of a law of the United States of America and a law of the State of New York, and (B) which was incurred in connection with the business of gambling in violation of a law of the United States of America, New York State, and a political subdivision thereof, through which ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, and DONALD MCCALMONT, the defendants, did conduct and participate in the affairs of the enterprise, which was engaged in and the activities of which affected interstate commerce, consisted of collecting and attempting to collect an unlawful debt as follows:

a.  From at least in or about 2010, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle," ARTHUR AZEN, DON MCCALMONT, and JOHN HANSON, the defendants, participated in the collection and attempted collection of more than $2,000,000 of unlawful gambling debts from Client-3 by, among other things, acquiring a fifty percent interest in Client-3's plumbing company, Titan.

- 41 -

(Title 18, United States Code, Section 1962(c).)

## COUNT FIVE

**(Illegal Sports Gambling Business:
Taiwanchik-Trincher Organization)**

The Grand Jury further charges:

51.   From at least in or about 2006, up to and
including on or about the date of this Indictment, in the
Southern District of New York and elsewhere, ALIMZHAN
TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER,
a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," the
defendants, knowingly and willfully did conduct, finance,
manage, supervise, direct, and own all and part of an illegal
gambling business, as that term is defined in Title 18, United
States Code, Section 1955(b)(1), (2), and (3), to wit, the
defendants operated a bookmaking business that violated New York
Penal Law Section 225.10, involved five or more persons who
conducted, financed, managed, supervised, directed, and owned
all or part of such business, and had been and remained in
substantially continuous operation for a period in excess of
thirty days and had a gross revenue of $2,000 in any single day.

(Title 18, United States Code, Sections 1955 and 2.)

- 42 -

## COUNT SIX

**(Acceptance of Financial Instrument for Unlawful Internet Gambling:  Taiwanchik-Trincher Organization)**

The Grand Jury further charges:

52.  From at least in or about 2007, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Alik Taiwanchik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, the defendants, who were engaged in the business of betting and wagering, knowingly and willfully did accept, in connection with the participation of another person in unlawful Internet gambling, credit, and the proceeds of credit, extended to and on behalf of such other person (including credit extended through the use of a credit card); an electronic fund transfer, and funds transmitted by and through a money transmitting business, and the proceeds of an electronic fund transfer and money transmitting service, from and on behalf of such other person; a check, draft, and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through a financial institution; and the proceeds of another form of financial transaction, as the Secretary and the Board of Governors of the Federal Reserve System may jointly prescribe by regulation, which involves a financial institution as a payor and financial intermediary on

behalf of and for the benefit of such other person, to wit, TOKHTAKHOUNOV, TRINCHER, and GOLUBCHIK operated an illegal bookmaking business that utilized gambling websites operating illegally in the United States.

(Title 31, United States Code, Sections 5363 and 5366;
Title 18, United States Code, Section 2.)

## COUNT SEVEN

**(Money Laundering Conspiracy: Taiwanchik-Trincher Organization)**

The Grand Jury further charges:

53.   From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and SLAVA GREENBERG, a/k/a "Stan," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Sections 1956 (a)(1)(B)(i), (a)(2)(A), and (a)(2)(B)(i), and 1957, to wit, the defendants laundered more than $50,000,000 in sports gambling proceeds through shell companies in Cyprus and the United States of America.

54.   It was a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik,"

VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony,"

MICHAEL SALL, and SLAVA GREENBERG, a/k/a "Stan," the defendants,

and others known and unknown, knowing that the property involved

in financial transactions represented the proceeds of some form

of unlawful activity willfully and knowingly would and did

conduct and attempt to conduct financial transactions which in

fact involved the proceeds of specified unlawful activity, to

wit, an illegal gambling business in violation of Title 18,

United States Code, Sections 1955 and 1084, and New York Penal

Law Section 225.10, knowing that such financial transactions

were designed in whole and in part to conceal and disguise the

nature, location, source, ownership and control of the proceeds

of specified unlawful activity, in violation of Title 18, United

States Code, Section 1956(a)(1)(B)(i).

     55.  It was further a part and an object of the

conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik,"

a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK,

a/k/a "Tony," MICHAEL SALL, and SLAVA GREENBERG, a/k/a "Stan,"

the defendants, and others known and unknown, willfully and

knowingly would and did transport, transmit, and transfer, and

attempt to transport, transmit, and transfer a monetary

instrument and funds from a place in the United States to and

through a place outside the United States and to a place in the

United States from and through a place outside the United States

with the intent to promote the carrying on of a specified

unlawful activity, to wit, an illegal gambling business in

violation of Title 18, United States Code, Sections 1955 and

1084, and New York Penal Law Section 225.10, all in violation of

Title 18, United States Code, Section 1956(a)(2)(A).

      56.  It was further a part and an object of the

conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik,"

a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK,

a/k/a "Tony," MICHAEL SALL, and SLAVA GREENBERG, a/k/a "Stan,"

the defendants, and others known and unknown, willfully and

knowingly would and did transport, transmit, and transfer, and

attempt to transport, transmit, and transfer monetary

instruments and funds from a place in the United States to and

through a place outside the United States and to a place in the

United States from and through a place outside the United States

knowing that the monetary instruments and funds involved in the

transportations, transmissions, and transfers represented the

proceeds of some form of unlawful activity and knowing that such

transportations, transmissions, and transfers were designed in

whole and in part to conceal and disguise the nature, the

location, the source, the ownership, and the control of the

proceeds of a specified unlawful activity, to wit, an illegal

gambling business in violation of Title 18, United States Code,

Sections 1955 and 1084, and New York Penal Law Section 225.10,

all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

57. It was further a part and an object of the conspiracy that ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and SLAVA GREENBERG, a/k/a "Stan," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did engage in and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property that was of a value greater than $10,000, to wit, wire transfers in excess of $10,000 between bank accounts in Cyprus controlled by the defendants and bank accounts in the United States controlled by the defendants, such property having been derived from a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).)

## COUNT EIGHT

### (To Collect Extensions of Credit by Extortionate Means)

The Grand Jury further charges:

58.   From at least in or about 2006, up to and
including on or about the date of this Indictment, in the
Southern District of New York and elsewhere, ALIMZHAN
TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER,
a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," the defendants,
and others known and unknown, knowingly and willfully combined,
conspired, confederated, and agreed together and with each other
to participate in the use of extortionate means, as that term is
defined in Title 18, United States Code, Section 891(7), to
collect and attempt to collect extensions of credit, as that
term is defined in Title 18, United States Code, Section 891(1),
and to punish a person, to wit, gamblers who owed sports
gambling debts, for the nonrepayment thereof, to wit,
TOKHTAKHOUNOV, TRINCHER, and GOLUBCHIK, agreed to use violence
and threats of violence to collect sports gambling debts from
gamblers.

(Title 18, United States Code, Section 894.)

## COUNT NINE

### (Illegal Sports Gambling Business:
### Nahmad-Trincher Organization)

The Grand Jury further charges:

59.   From at least in or about 2006, up to and
including on or about the date of this Indictment, in the
Southern District of New York and elsewhere, HILLEL NAHMAD,

a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle,"
JOHN HANSON, JONATHAN HIRSCH, JUSTIN SMITH, WILLIAM EDLER, PETER
FELDMAN, MOSHE ORATZ, DAVID AARON, a/k/a "D.A.," BRYAN ZURIFF,
and ABRAHAM MOSSERI, the defendants, knowingly and willfully did
conduct, finance, manage, supervise, direct, and own all and
part of an illegal gambling business, as that term is defined in
Title 18, United States Code, Section 1955(b)(1), (2), and (3),
and aid and abet the same, to wit, NAHMAD, TRINCHER, SIEGEL,
HANSON, HIRSCH, SMITH, EDLER, FELDMAN, ORATZ, AARON, ZURIFF, and
MOSSERI, operated a bookmaking business that violated New York
Penal Law Section 225.10, involved five or more persons who
conducted, financed, managed, supervised, directed, and owned
all or part of such business, and had been and remained in
substantially continuous operation for a period in excess of
thirty days and had a gross revenue of $2,000 in any single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT TEN

### (Transmission of Sports Wagering Information:
### Nahmad-Trincher Organization)

The Grand Jury further charges:

60.  From at least in or about 2008, up to and
including on or about the date of this Indictment, in the
Southern District of New York and elsewhere, HILLEL NAHMAD,
a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle,"

JOHN HANSON, and JONATHAN HIRSCH, the defendants, being engaged in the business of betting and wagering, knowingly and willfully did use a wire communication facility for the transmission in interstate and foreign commerce of bets and wagers and information assisting in the placing of bets and wagers on a sporting event and contest, and for the transmission of a wire communication which entitled the recipient to receive money and credit as a result of bets and wagers, and for information assisting in the placing of bets and wagers, and aided and abetted the same, to wit, NAHMAD, TRINCHER, SIEGEL, HANSON, HIRSCH, SMITH, EDLER, FELDMAN, ORATZ, AARON, ZURIFF, and MOSSERI, the defendants transmitted wagering information concerning sporting events via emails sent across state lines.

(Title 18, United States Code, Sections 1084 and 2.)

## COUNT ELEVEN

### (Acceptance of Financial Instrument for Unlawful Internet Sports Gambling:  Trincher-Nahmad Organization)

The Grand Jury further charges:

61.  From at least in or about 2008, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN HIRSCH, a/k/a "Hersch," JUSTIN SMITH, WILLIAM EDLER, PETER FELDMAN, MOSHE ORATZ, DAVID AARON, a/k/a