"D.A.," BRYAN ZURIFF, and ABRAHAM MOSSERI, the defendants, who were engaged in the business of betting and wagering, knowingly and willfully did accept, in connection with the participation of another person in unlawful Internet gambling, credit, and the proceeds of credit, extended to and on behalf of such other person (including credit extended through the use of a credit card); an electronic fund transfer, and funds transmitted by and through a money transmitting business, and the proceeds of an electronic fund transfer and money transmitting service, from and on behalf of such other person: a check, draft, and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through a financial institution; and the proceeds of another form of financial transaction, as the Secretary and the Board of Governors of the Federal Reserve System may jointly prescribe by regulation, which involved a financial institution as a payor and financial intermediary on behalf of and for the benefit of such other person, and aided and abetted the same, to wit, NAHMAD, TRINCHER, SIEGEL, HANSON, HIRSCH, SMITH, EDLER, FELDMAN, ORATZ, AARON, ZURIFF, and MOSSERI, operated an illegal bookmaking business that utilized gambling websites operating illegally in the United States.

    (Title 31, United States Code, Sections 5363 and 5366;
        Title 18, United States Code, Section 2.)

- 51 -

## COUNT TWELVE

**(Money Laundering Conspiracy:  Nahmad-Trincher Organization)**

The Grand Jury further charges:

62.  From at least in or about 2006, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, DON MCCALMONT, EDWIN TING, a/k/a "Eddie," EUGENE TRINCHER, PETER SKYLLAS, and RONALD UY, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections, 1956(a)(1)(A)(i), (a)(1)(A)(ii), (a)(1)(B)(i), (a)(2)(A), and (a)(2)(B)(i), and 1957 of Title 18, United States Code..

63.  It was a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, DON MCCALMONT, EDWIN TING, a/k/a "Eddie," EUGENE TRINCHER, PETER SKYLLAS, and RONALD UY, the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct financial

transactions which in fact involved the proceeds of specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Sections 225.10, knowing that such financial transactions were conducted with the intent to promote the carrying on of specified unlawful activity, to wit, an illegal gambling business, to wit the defendants laundered more than $50,000,000 in gambling proceeds through various bank accounts and businesses, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

64. It was further a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, DON MCCALMONT, EDWIN TING, a/k/a "Eddie," EUGENE TRINCHER, PETER SKYLLAS, and RONALD UY, the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, knowing that such financial transactions were conducted with the intent to engage in conduct constituting a violation of section

7201 and 7206 of the Internal Revenue Code of 1986, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(ii).

65. It was further a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, DON MCCALMONT, EDWIN TING, a/k/a "Eddie," EUGENE TRINCHER, PETER SKYLLAS, and RONALD UY, the defendants, and others known and unknown, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, knowing that such financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

66. It was further a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, and RONALD UY, the defendants, and others known and unknown, willfully and knowingly would and did transport, transmit, and transfer, and

attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1956(a)(2)(A).

      67.   It was further a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, ARTHUR AZEN, DON MCCALMONT, EDWIN TING, a/k/a "Eddie," EUGENE TRINCHER, PETER SKYLLAS, and RONALD UY, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did engage in and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property that was of a value greater than $10,000, to wit, wire transfers in excess of $10,000 between various bank accounts controlled by the defendants and clients of the illegal gambling business, such property having been derived from a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and

1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).

## COUNT THIRTEEN

### (Structuring)

The Grand Jury further charges:

68.  From at least in or about January 2012, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, RONALD UY and ILLYA TRINCHER, the defendants, knowingly and willfully, and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did structure and assist in structuring, and attempted to structure and assist in structuring, a transaction with one and more domestic financial institutions, and did aid and abet the same, to wit, RONALD UY, a branch manager at a JPMorgan Chase Bank located in New York City (the "Bank"), did assist TRINCHER in structuring several transactions at the Bank designed in part to avoid generating currency transaction reports.

(Title 31, United States Code, Sections 5324(a)(3) and (d)(1); Title 18, United Stated Code, Section 2.)

## COUNT FOURTEEN

### (Extortion of Client-3)

The Grand Jury further charges:

69.  From at least in or about January 2010, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ILLYA TRINCHER, ARTHUR AZEN, DON MCCALMONT, and JOHN HANSON, the defendants, willfully and knowingly did participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891(1), and to punish a person, to wit, Client-3, for the nonrepayment thereof, to wit, TRINCHER, AZEN, MCCALMONT, and HANSON threatened to cause, and did cause, harm to Titan, Client-3's plumbing company, to collect and attempt to collect a $2,000,000 gambling debt that Client-3 owed to the Trincher-Nahmad Organization.

(Title 18, United States Code, Sections 894(a)(1) and (a)(2).)

## COUNT FIFTEEN

### (Wire Fraud Conspiracy)

The Grand Jury further charges:

70.  From at least in or about March 2012, up to and including on or about the date of this indictment, in the Southern District of New York and elsewhere, HILLEL NAHMAD,

- 57 -

a/k/a "Helly," and NICHOLAS HIRSH, the defendants, and others known and unknown, knowingly and willfully did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1343.

71. It was a part and an object of the conspiracy that HILLEL NAHMAD, a/k/a "Helly," and NICHOLAS HIRSH, the defendants, and others known and unknown, having devised and intending to devise any scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, HILLEL NAHMAD, a/k/a "Helly," and NICHOLAS HIRSCH used interstate and international wires in furtherance of a scheme to defraud an individual concerning a sale of a piece of art that they claimed to be worth approximately $300,000 but was in fact worth at least approximately $50,000 less.

(Title 18, United States Code, Section 1349.)

## COUNT SIXTEEN

**(Illegal Sports Gambling Business:  Druzhinsky Organization)**

The Grand Jury further charges:

72.  From at least in or about 2008, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, DMITRY DRUZHINSKY, ALEXANDER ZAVERUKHA, a/k/a "Sasha," ALEXANDER KATCHALOFF, a/k/a "Murashka," and ARTHUR AZEN, the defendants, knowingly and willfully did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), to wit, DRUZHINSKY, ZAVERUKHA, KATCHALOFF, and AZEN operated a bookmaking business that violated New York Penal Law Section 225.10, involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of such business, and had been and remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT SEVENTEEN

### (Acceptance of Financial Instrument for Unlawful Internet Sports Gambling)

The Grand Jury further charges:

73. From at least in or about 2008, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, DMITRY DRUZHINSKY, ALEXANDER ZAVERUKHA, a/k/a "Sasha," ALEXANDER KATCHALOFF, a/k/a "Murashka," and ARTHUR AZEN, the defendants, who were engaged in the business of betting and wagering, knowingly and willfully did accept, in connection with the participation of another person in unlawful Internet gambling, credit, and the proceeds of credit, extended to and on behalf of such other person (including credit extended through the use of a credit card); an electronic fund transfer, and funds transmitted by and through a money transmitting business, and the proceeds of an electronic fund transfer and money transmitting service, from and on behalf of such other person; a check, draft, and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through a financial institution; and the proceeds of another form of financial transaction, as the Secretary and the Board of Governors of the Federal Reserve System have prescribed by regulation, which involves a financial institution as a payor and financial intermediary on behalf of

and for the benefit of such other person, to wit, DRUZHINSKY,

ZAVERUKHA, KATCHALOFF and AZEN, operated an illegal bookmaking

business that utilized gambling websites operating illegally in

the United States.

> (Title 31, United States Code, Sections 5363 and 5366;
> Title 18, United States Code, Section 2.)

## COUNT EIGHTEEN

### (Money Laundering Conspiracy)

The Grand Jury further charges:

74.   From at least in or about 2008, up to and

including on or about the date of this Indictment, in the

Southern District of New York and elsewhere, DMITRY DRUZHINKSKY,

ANATOLY GOLUBCHIK, a/k/a "Tony," ILYA ROZENFELD, and ANATOLY

SHTEYNGRAB, the defendants, and others known and unknown,

willfully and knowingly combined, conspired, confederated, and

agreed together and with each other to violate Sections 1956

(a)(1)(B)(i), (a)(2)(A), and (a)(2)(B)(i), and 1957 of Title 18,

United States Code, to wit, the defendants laundered millions of

dollars in proceeds from DRUZHINSKY's sports gambling business

through various companies including a real estate company in New

York, New York, a car repair shop in Brooklyn, New York, and a

company that sells used cars over the internet.

75.   It was a part and an object of the conspiracy

that DMITRY DRUZHINKSKY, ANATOLY GOLUBCHIK, a/k/a "Tony," ILYA

ROZENFELD, and ANATOLY SHTEYNGRAB, the defendants, and others known and unknown, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, knowing that such financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

76.   It was further a part and an object of the conspiracy that DMITRY DRUZHINSKY, ANATOLY GOLUBCHIK, a/k/a "Tony," ILYA ROZENFELD, and ANATOLY SHTEYNGRAB, the defendants, and others known and unknown, willfully and knowingly would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18,

United States Code, Sections 1955 and 1084, and New York Penal
Law Section 225.10, all in violation of Title 18, United States
Code, Section 1956(a)(2)(A).

77.   It was further a part and an object of the
conspiracy that DMITRY DRUZHINKSKY, ANATOLY GOLUBCHIK, a/k/a
"Tony," ILYA ROZENFELD, and ANATOLY SHTEYNGRAB, the defendants,
and others known and unknown, willfully and knowingly would and
did transport, transmit, and transfer, and attempt to transport,
transmit, and transfer monetary instruments and funds from a
place in the United States to and through a place outside the
United States and to a place in the United States from and
through a place outside the United States knowing that the
monetary instruments and funds involved in the transportations,
transmissions, and transfers represented the proceeds of some
form of unlawful activity and knowing that such transportations,
transmissions, and transfers were designed in whole and in part
to conceal and disguise the nature, the location, the source,
the ownership, and the control of the proceeds of a specified
unlawful activity, to wit, an illegal gambling business in
violation of Title 18, United States Code, Sections 1955 and
1084, and New York Penal Law Section 225.10, all in violation of
Title 18, United States Code, Section 1956(a)(2)(B)(i).

78.   It was further a part and an object of the
conspiracy that DMITRY DRUZHINKSKY, ANATOLY GOLUBCHIK, a/k/a

"Tony," ILYA ROZENFELD, and ANATOLY SHTEYNGRAB, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did engage in and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property that was of a value greater than $10,000, to wit, wire transfers in excess of $10,000 between bank accounts in Cyprus controlled by the defendants and bank accounts in the United States controlled by the defendants, such property having been derived from a specified unlawful activity, to wit, an illegal gambling business in violation of Title 18, United States Code, Sections 1955 and 1084, and New York Penal Law Section 225.10, all in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).)

## COUNT NINETEEN

### (To Collect Extensions of Credit by Extortionate Means)

The Grand Jury further charges:

79. From at least in or about January 2012, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, ARTHUR AZEN, KIRILL RAPOPORT, and MOSHE ORATZ, the defendants, and others known and unknown, knowingly and willfully combined, conspired,

- 64 -

confederated, and agreed together and with each other to participate in the use of extortionate means, as that term is defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891(1), and to punish a person, to wit, gamblers who owed poker and/or sports gambling debts, for the nonrepayment thereof, to wit, AZEN, RAPOPORT, and ORATZ, agreed to use violence and threats of violence to collect sports and poker gambling debts from gamblers.

(Title 18, United States Code, Section 894.)

## COUNT TWENTY

### (Illegal Poker Business)

The Grand Jury further charges:

80.  From at least in or about 2010, up to and including on or about the date of this Indictment, in the Southern District of New York and elsewhere, EUGENE TRINCHER, EDWIN TING, a/k/a "Eddie," ARTHUR AZEN, JOSEPH MANCUSO, WILLIAM BARBALAT, YUGESHWAR RAJKUMAR, a/k/a "Mateo Hermatte," MOLLY BLOOM, the defendants, knowingly and willfully did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), and did

aid and abet the same, to wit, TRINCHER, TING, AZEN, MANCUSO, BARBALAT, RAJKUMAR, and BLOOM, operated an illegal poker business which violated New York Penal Law Section 225.05, involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of such business, and had been and remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

(Title 18, United States Code, Sections 1955 and 2.)

## COUNT TWENTY-ONE

### (Travel Act)

The Grand Jury further charges:

81.   In or about December 2011, in the Southern District of New York and elsewhere, EUGENE TRINCHER, the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate

the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, TRINCHER caused a check in the amount of $10,000, issued in connection with operating an illegal poker game in New York City, to be deposited into a bank account in Connecticut.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT TWENTY-TWO

### (Travel Act)

The Grand Jury further charges:

82.  In or about November 2011, in the Southern District of New York and elsewhere, EDWIN TING, a/k/a "Eddie," the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, TING, deposited a check in the amount of $250,000 from a bank account in California into a bank

account in New York, in connection with operating an illegal poker game in New York City.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT TWENTY-THREE

### (Travel Act)

The Grand Jury further charges:

83.    In or about March 2011, in the Southern District of New York and elsewhere, ARTHUR AZEN, the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, AZEN deposited a check from WILLIAM BARBALAT, the defendant, in the amount of $4,000 in a connection with operating an illegal

poker game in New York City, which check cleared by interstate wire.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT TWENTY-FOUR

### (Travel Act)

The Grand Jury further charges:

84.   In or about February 2012, in the Southern District of New York and elsewhere, JOSEPH MANCUSO, the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, MANCUSO wrote a check in the amount of $30,000 in connection with operating an illegal poker game in New York City, which check was deposited into a bank account in Connecticut.

(Title 18, United States Code, Sections 1952 and 2.)

- 69 -

## COUNT TWENTY-FIVE

### (Travel Act)

The Grand Jury further charges:

85.   In or about March 2011, in the Southern District of New York and elsewhere, WILLIAM BARBALAT, the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, BARBALAT wrote a check to ARTHUR AZEN, the defendant, in the amount of $4,000 in a connection with operating an illegal poker game in New York City, which check cleared by interstate wire.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT TWENTY-SIX

### (Travel Act)

The Grand Jury further charges:

86.   In or about January 2011, in the Southern District of New York and elsewhere, YUGESHWAR RAJKUMAR, a/k/a "Mateo Hermatte," the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, RAJKUMAR wrote a check from his New Jersey bank account in the amount of $11,500 in connection with operating an illegal poker game in New York City.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT TWENTY-SEVEN

### (Travel Act)

The Grand Jury further charges:

87.  In or about June 2010, in the Southern District of New York and elsewhere, MOLLY BLOOM, the defendant, intentionally and knowingly did travel in interstate and foreign commerce and use the mail and a facility in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, and thereafter did distribute and attempt to distribute the proceeds of an unlawful activity, and to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, to wit, BLOOM deposited two checks totally $25,900 into a bank account in California in connection with operating an illegal poker game in New York City.

(Title 18, United States Code, Sections 1952 and 2.)

## Forfeiture Allegation as to Counts One and Two

(Taiwanchik-Trincher Organization)

88.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2461(c).

89.   Pursuant to Rule 32.2(a), Fed. R. Crim. P., ALIMZHAN TOKHTAKHOUNOV, a/k/a "Alik Taiwanchik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, are hereby notified that, upon conviction of the violation or violations of Title 18, United States Code, Section 1962, in Counts One and Two the Indictment, the defendants shall forfeit, pursuant to Title 18, United States Code, Section 1963:

a.   all interests acquired and maintained in violation of Title 18, United States Code, Section 1962;

b.   all interests in, securities of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

- 73 -

c.    all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

90.   The property subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), includes, but is not limited at least $50 million which represents the total of the interests acquired and the gross proceeds obtained through the violation of Title 18, United States Code, Section 1962, and the following specific property which constitutes and is derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962:

a.    721-725 5th Avenue, Apartment 63A and B, New York, NY 10022;

b.    971 Madison Avenue, Units 8A, B and C, New York, NY 10021;

c.    16001 Collins Avenue, Unit 806, Sunny Isles Beach, FL 33160; and

d.    16001 Collins Avenue, Unit 1206, Sunny Isles Beach, FL 33160.

91.   Pursuant to Title 18, United States Code, Section 1963(m), ALIMZHAN TOKHTAKHOUNOV, a/k/a "Alik Taiwanchik," VADIM TRINCHER, a/k/a "Dima," ANATOLY GOLUBCHIK, a/k/a "Tony," MICHAEL

- 74 -

SALL, and STAN GREENBERG, a/k/a "Slava," the defendants, shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of this Court;

      d.   has been substantially diminished in value; and

      e.   has been commingled with other property which cannot be divided without difficulty.

92.   The above-named defendants are jointly and severally liable for the forfeiture allegations alleged above.

(Title 18, United States Code, Section 1963.)

## Forfeiture Allegation as to Counts Three and Four

### (Nahmad-Trincher Organization)

93.   The allegations contained in Counts Three and Four of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at

length for the purpose of alleging forfeiture pursuant to Title

18, United States Code, Section 2461(c).

94.   Pursuant to Rule 32.2(a), Fed. R. Crim. P., ILLYA

TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The

Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR AZEN, and DONALD

MCCALMONT, the defendants, are hereby notified that, upon

conviction of the violation or violations of Title 18, United

States Code, Section 1962, as charged in Counts Three and Four

of this Indictment, the defendants shall forfeit, pursuant to

Title 18, United States Code, Section 1963:

a.   all interests acquired and maintained in

violation of Title 18, United States Code, Section 1962;

b.   all interests in, securities of, claims

against, and property and contractual rights of any kind

affording a source of influence over, the enterprise named and

described herein which the defendants established, operated,

controlled, conducted, and participated in the conduct of, in

violation of Title 18, United States Code, Section 1962; and

c.   all property constituting and derived from

proceeds obtained, directly and indirectly, from racketeering

activity in violation of Title 18, United States Code, Section

1962.

95.   The property subject to forfeiture to the United

States pursuant to Title 18, United States Code, Section

- 76 -

1963(a)(1), (a)(2), and (a)(3), includes, but is not limited at least $50 million which represents the total of the interests acquired and the gross proceeds obtained through the violation of Title 18, United States Code, Section 1962, which constitutes and is derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

  96. Pursuant to Title 18, United States Code, Section 1963(m), ILLYA TRINCHER, HILLEL NAHMAD, a/k/a "Helly," NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN HIRSCH, ARTHUR AZEN, and DONALD MCCALMONT, the defendants, shall forfeit substitute property up to the value of the property described in the previous paragraph if that property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; and

   e. has been commingled with other property which cannot be divided without difficulty.

97.   The above-named defendants are jointly and severally liable for the forfeiture allegations alleged above.

(Title 18, United States Code, Section 1963.)

## Forfeiture Allegation as to Counts Five, Eight, Nine, Ten, Fourteen, Fifteen, Sixteen, and Nineteen to Twenty-Seven

98.   As a result of committing the illegal gambling business, extortion, transmission of sports wagering information, travel act, and wire fraud offenses alleged in Counts Five, Eight, Nine, Ten, Fourteen, Fifteen, Sixteen, and Nineteen to Twenty-Seven of this Indictment, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN HIRSCH, JUSTIN SMITH, WILLIAM EDLER, PETER FELDMAN, MOSHE ORATZ, DAVID AARON, a/k/a "D.A.," BRYAN ZURIFF, ABRAHAM MOSSERI, DMITRY DRUZHINSKY, ALEXANDER ZAVERUKHA, a/k/a "Sasha," ALEXANDER KATCHALOFF, a/k/a "Murashka," ARTHUR AZEN, KIRILL RAPOPORT, MOSHE ORATZ, EUGENE TRINCHER, EDWIN TING, a/k/a "Eddie," JOSEPH MANCUSO, WILLIAM BARBALAT, YUGESHWAR RAJKUMAR, a/k/a "Mateo Hermatte," MOLLY BLOOM, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all

property constituting, and derived from, proceeds obtained

directly and indirectly as a result of such violations.

99. As a result of the illegal gambling business

offenses alleged in Counts Five, Nine, Sixteen and Twenty of

this Indictment, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik,"

a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY

GOLUBCHIK, a/k/a "Tony," HILLEL NAHMAD, a/k/a "Helly," ILLYA

TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN

HIRSCH, JUSTIN SMITH, WILLIAM EDLER, PETER FELDMAN, MOSHE ORATZ,

DAVID AARON, a/k/a "D.A.," BRYAN ZURIFF, ABRAHAM MOSSERI, DMITRY

DRUZHINSKY, ALEXANDER ZAVERUKHA, a/k/a "Sasha," ALEXANDER

KATCHALOFF, a/k/a "Murashka,"  ARTHUR AZEN, KIRILL RAPOPORT,

MOSHE ORATZ, EUGENE TRINCHER, EDWIN TING, a/k/a "Eddie," JOSEPH

MANCUSO, WILLIAM BARBALAT, YUGESHWAR RAJKUMAR, a/k/a "Mateo

Hermatte," MOLLY BLOOM, the defendants, shall forfeit to the

United States pursuant to Title 18, United States Code, Section

1955(d), any property, including money, used in such violations.

Substitute Asset Provision

100. If any of the above-described forfeitable

property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due

diligence;

b.   has been transferred or sold to, or

deposited with, a third person;

- 79 -

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Section 981 and 1955;
Title 21, United States Code, Section 853;
and Title 28, United States Code, Section 2461.)

## Forfeiture Allegation as to Counts Seven, Twelve, and Eighteen

101. As a result of committing the money laundering offenses alleged in Counts Seven, Twelve, Eighteen of this Indictment, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," VADIM TRINCHER, a/k/a "Dima," and ANATOLY GOLUBCHIK, a/k/a "Tony," HILLEL NAHMAD, a/k/a "Helly," ILLYA TRINCHER, NOAH SIEGEL, a/k/a "The Oracle," JOHN HANSON, JONATHAN HIRSCH, DMITRY DRUZHINSKY, ALEXANDER ZAVERUKHA, a/k/a "Sasha," EUGENE TRINCHER, EDWIN TING, a/k/a "Eddie," PETER SKYLLAS, RONALD UY, DON MCCALMONT, ILYA ROSENFELD, and ANATOLY SHTEYNGRAB, the defendants, shall forfeit to the United States pursuant to Title

- 80 -

18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

Substitute Asset Provision

102. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Section 982;<br>and Title 21, United States Code, Section 853.)

**Forfeiture Allegation as to Count Thirteen**

- 81 -

103. As a result of committing the structuring offense alleged in Count Thirteen of this Indictment, RONALD UY and ILLYA TRINCHER, the defendants, shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c), all property, real or personal, involved in such offense, or any property traceable to such property.

### Substitute Asset Provision

104. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above-described forfeitable property.

> (31, United States Code, Section 5317(c); and
> Title 21, United States Code, Section 853.)

_____
FOREPERSON

_Preet Bharara_
_____
PREET BHARARA
United States Attorney

- 83 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ALIMZHAN TOKHTAKHOUNOV, a/k/a
"Taiwanchik," a/k/a "Alik," VADIM
TRINCHER, a/k/a "Dima," ANATOLY
GOLUBCHIK, a/k/a "Tony," MICHAEL SALL,
STAN GREENBERG, a/k/a "Slava," ILLYA
TRINCHER, HILLEL NAHMAD, a/k/a "Helly,"
JOHN HANSON, NOAH SIEGEL, a/k/a "The
Oracle," JONATHAN HIRSCH, ARTHUR AZEN,
DONALD MCCALMONT, DMITRY DRUZHINSKY,
a/k/a "Dima," a/k/a "Blondie," ALEXANDER
ZAVERUKHA, a/k/a "Sasha," ALEXANDER
KATCHALOFF, a/k/a "Murushka," ANATOLY
SHTEYNGROB, a/k/a "Tony," ILYA
ROZENFELD, PETER SKYLLAS, RONALD UY,
NICHOLAS HIRSCH, BRYAN ZURIFF, MOSHE
ORATZ, KIRILL RAPOPORT, DAVID AARON,
a/k/a "D.A.," JUSTIN SMITH, ABRAHAM
MOSSERI, WILLIAM EDLER, PETER FELDMAN,
EUGENE TRINCHER, EDWIN TING, a/k/a
"Eddie," MOLLY BLOOM, WILLIAM BARBALAT,
YUGESHWAR RAJKUMAR, a/k/a "Mateo
Hermatte," and JOSEPH MANCUSO, a/k/a "Joe
the Hammer,"

Defendants.

## SEALED INDICTMENT

13 Cr. _____

(18 U.S.C. §§ 894, 1084, 1951, 1952,
1955, 1956, 1962, and 2;
31 U.S.C. §§ 5324, 5363, and 5366.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.