```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
 UNITED STATES OF AMERICA,            :

              - v. -                  : **FINAL ORDER OF FORFEITURE**

 ALIMZHAN TOKHTAKHOUNOV,              :
    a/k/a "Taiwanchik,"                 13 Cr. 268 (JMF)
    a/k/a "Alik,"                     :
 VADIM TRINCHER,
    a/k/a "Dima,"                     :
 ANATOLY GOLUBCHIK,
    a/k/a "Tony,"                     :
 MICHAEL SALL,
 STAN GREENBERG,                      :
    a/k/a "Slava,"
 ILLYA TRINCHER,                      :
 HILLEL NAHMAD,
    a/k/a "Helly,"                    :
 JOHN HANSON,
 NOAH SIEGEL,                         :
    a/k/a "The Oracle,"
 JONATHAN HIRSCH,                     :
 ARTHUR AZEN,
 DONALD MCCALMONT,                    :
 DMITRY DRUZHINSKY,
    a/k/a "Dima,"                     :
    a/k/a "Blondie,"
 ALEXANDER ZAVERUKHA,                 :
    a/k/a "Sasha,"
 ALEXANDER KATCHALOFF,                :
    a/k/a "Murushka,"
 ANATOLY SHTEYNGROB,                  :
    a/k/a "Tony,"
 ILYA ROZENFELD,                      :
 PETER SKYLLAS,
 RONALD UY,                           :
 NICHOLAS HIRSCH,
 BRYAN ZURIFF,                        :
 MOSHE ORATZ,
 KIRILL RAPOPORT,                     :
 DAVID AARON,
    a/k/a "D.A.,"                     :
 JUSTIN SMITH,
 ABRAHAM MOSSERI,                     :
```

```
WILLIAM EDLER,
PETER FELDMAN,                              :
EUGENE TRINCHER,
EDWIN TING,                                 :
   a/k/a "Eddie,"
MOLLY BLOOM,                                :
WILLIAM BARBALAT,
YUGESHWAR RAJKUMAR,                         :
   a/k/a "Mateo Hermatte," and
JOSEPH MANCUSO,                             :
   a/k/a "Joe the Hammer,"
                                            :
           Defendants.
- - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about April 11, 2013, ALIMZHAN TOKHTAKHOUNOV, a/k/a "Taiwanchik," a/k/a "Alik," and the other above-named defendants (the "defendants") were charged in a twenty-seven count Indictment, 13 Cr. 268 (JMF) (the "Indictment") with, *inter alia,* participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Counts One and Three); racketeering, in violation of 18 U.S.C. § 1962(c) (Counts Two and Four); operating an illegal sports gambling business, in violation of 18 U.S.C. §§ 1955 and 2 (Counts Five, Nine and Sixteen); accepting financial instruments for unlawful internet gambling, in violation of 31 U.S.C. §§ 5363 and 5366 and 18 U.S.C. § 2 (Counts Six, Eleven and Seventeen); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Counts Seven, Twelve and Eighteen); collecting extensions of credit by extortionate means, in violation of 18 U.S.C. § 894 (Counts Eight and Nineteen); transmitting sports wagering

information, in violation of 18 U.S.C. §§ 1084 and 2 (Count Ten); structuring, in violation of 31 U.S.C. § 5324(a)(3) and (d)(1) and 18 U.S.C. § 2 (Count Thirteen); extortion, in violation of 18 U.S.C. § 894(a)(1) and (a)(2) (Count Fourteen); wire fraud conspiracy, in violation of 18 U.S.C. § 1349 (Count Fifteen); operating an illegal poker business, in violation of 18 U.S.C. §§ 1955 and 2 (Count Twenty); and Travel Act violations, in violation of 18 U.S.C. §§ 1952 and 2 (Counts Twenty-One through Twenty-Seven);

WHEREAS, on or about September 4, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Justin Smith ("Smith")forfeiting all of Smith's right, title and interest in the following Specific Property: any and all funds on deposit in J.P. Morgan Chase account number 3124728988, held in the name of Justin Smith (the "Smith Specific Property");

WHEREAS, on or about September 4, 2013, this Court also entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Edwin Ting ("Ting") forfeiting all of Ting's right, title and interest in the following Specific Property: (i) any and all funds on deposit in TD Bank account number 7928488688, held in the name of Ting Enterprises, and (ii) $13,282 in United States currency seized from Ting on April 16, 2013 (collectively the "Ting Specific Property");

3

WHEREAS, on or about October 9, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Dmitry Druzhinsky ("Druzhinsky") forfeiting all of Druzhinsky's right, title and interest in the following Specific Property: any and all funds on deposit in Chase Bank account number 103079188865, held in the name of Ocean Ave Development Group (the "Druzhinsky Specific Property");

WHEREAS, on or about October 17, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Anatoly Shteyngrob ("Shteyngrob") forfeiting all of Shteyngrob's right, title and interest in the following Specific Property: any and all funds on deposit in Chase Bank account number 829284413 held in the name of Delco-Ukraine Inc. (the "Shteyngrob Specific Property");

WHEREAS, on or about October 22, 2013, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties as to defendant Stan Greenberg ("Greenberg") forfeiting all of Greenberg's right, title and interest in the following Specific Property: (i) S&T Capital LLC, and all assets thereof;[1] and (ii) G&Y Realty LLC, and all assets thereof;

---

[1] This Order, and those pertaining to Vadim Trincher and Anatoly Golubchik, also provided for the forfeiture of those defendants' interests in "S&T Capital Inc.," which the Government has subsequently determined is the same entity as S&T Capital LLC.

WHEREAS, pursuant to the Consent Preliminary Order of Forfeiture as to Specific Properties as to Greenberg, the United States Marshals Service seized all funds on deposit in (1) Chase Bank account numbers 896649548, 2959349701 and 3011485413 held in the name of S&T Capital, LLC and (2) Bank of America account number 381022834818 held in the name of G&Y Realty LLC and S&T Capital LLC, amounting to $173,272.00 (the "S&T Funds");

WHEREAS, on or about November 5, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Arthur Azen ("Azen") forfeiting all of Azen's right, title and interest in the following Specific Property: (i) Various collectible coins, seized on or about April 16, 2013 from 426 Deisius Street, Staten Island, New York; and (ii) $8,340 in United States currency, seized on or about April 16, 2013 from 426 Deisius Street, Staten Island, New York (collectively the "Azen Specific Property");

WHEREAS, on or about November 12, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Hillel Nahmad ("Nahmad") forfeiting all of Nahmad's right, title and interest in the following Specific Property: the painting *Carnaval a' Nice*, 1937 by Raoul Dufy (the "Nahmad Specific Property");

WHEREAS, on or about November 14, 2013, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties

5

as to defendant Vadim Trincher forfeiting all of Vadim Trincher's right, title and interest in the following Specific Property:

>   (i) Northside Capital Inc., and all assets thereof, including but not limited to Bank of Cyprus account numbers 357002754385, IBAN: CY09002001950000357002754385, and 357002754393, IBAN: CY84002001950000357002754393 (the "Northside Assets")
>
>   (ii) Villanova Properties, LLC, and all assets thereof, including but not limited to any and all funds on deposit in Citibank account number 759471457 (the "Villanova Account");
>
>   (iii) S&T Capital LLC, and all assets thereof;
>
>   (iv) G&Y Realty LLC, and all assets thereof,
>
>   (v) $77,477.00 in United States currency seized from 721 5th Avenue, Apartment #63AB, New York, New York on April 16, 2013;
>
>   (vi) 1,550 Euros valued at approximately $2,023.47 in United States currency seized from 721 5th Avenue, Apartment #63AB, New York, New York on April 16, 2013 (collectively, with item (v), the "Vadim Trincher Cash");
>
>   (vii) 120 Assorted Bellagio and Aria Casino Poker Chips (35 $5,000 chips and 85 $25,000 chips) valued at a total of approximately $2,300,000.00 in United States currency seized from 721 5th Avenue, Apartment #63AB, New York, New York on April 16, 2013 (the "Poker Chips");
>
>   (viii) 17 $50.00 Liberty fine gold .999 coins and 50 pieces of 1 oz. fine gold .999 ingota valued at a total of approximately $93,075.00 in United States currency seized from 721 5th Avenue, Apartment #63AB, New York, New York on April

16, 2013 (the "Gold")[2];

(x) One Patek Philippe Watch, Serial# 3129057 240/114 and one gemstone seized from 721 5th Avenue, Apartment #63AB, New York, New York on April 16, 2013 (the "Watch & Gemstone");

(xi) Any and all funds on deposit in Interactive Brokers account number U464791 held in the name of Anatoly Golubchik & Vadim Trincher (the "IB Account");

(xii) Any and all funds on deposit in Bank of America account numbers 4835607098 and 483020031391 held in the name of Vadim & Elena Trincher (the "Vadim Trincher Account"); and

(xiii) $7,088,818.00 held on deposit in Bank of America account number XXXXX-X8704, representing the liquidated value of interests in investment funds held in the names of Vadim Trincher and Tatyana Guza (the "Trincher-Guza Investment Funds");[3]

WHEREAS, on or about November 15, 2013, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties as to defendant Anatoly Golubchik ("Golubchik"), forfeiting all of Golubchik's right, title and interest in the following Specific Property:

(i) the Northside Assets

---

[2] The Amended Consent Preliminary Order of Forfeiture as to Specific Properties as to defendant Illya Trincher provided that Illya Trincher would pay $93,075.00 in United States currency in lieu of forfeiture of the Gold.

[3] Vadim Trincher was also ordered to pay $1,875,000 in United States currency to the United States within 30 months from the entry of the Consent Preliminary Order of Forfeiture, upon payment of which the Government will return other jewelry and precious items seized from 721 5th Avenue, Apartment #63AB, New York, New York on April 16, 2013.

(ii) Villanova Properties, LLC and all assets thereof, including the Villanova Account;

(iii) S&T Capital LLC, and all assets thereof;

(iv) G&Y Realty LLC, and all assets thereof,

(v) Any and all funds on deposit in TD Bank account number 3080684, held in the name of Anatoly & Yelena Golubchik (the "Golubchik 684 Account");

(vi) Any and all funds on deposit in TD Bank account number 4274377617, held in the name of Eugene Golubchik (the "Golubchik 617 Account");

(vii) the IB Account; and

(viii) $6,224,681.00 held on deposit in Bank of America account number XXXXX-X8704, representing the liquidated value of interests in investment funds held in the names of Anatoly Golubchik and Eugene Golubchik (the "Golubchik Investment Funds");[4]

WHEREAS, on or about December 3, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Moshe Oratz ("Oratz") forfeiting all of Oratz's right, title and interest in the following Specific Property: any and all funds on deposit in Bank of America account numbers 483001195023 and 483042262960, held in the name of CS Master Holdings, LLC and Moshe M. Oratz, respectively (the "Oratz Specific Property");

---

[4] Golubchik was also ordered to pay $5,168,750 to the United States in lieu of the forfeiture of various other assets, with his interest in certain real property to be forfeited to the Government if payment was not made in full within 20 months of entry the Consent Preliminary Order of Forfeiture, or May 15, 2015.

WHEREAS, on or about December 4, 2013, this Court also entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Jonathan Hirsch forfeiting all of Jonathan Hirsch's right, title and interest in the following Specific Property: $7,800.00 in United States currency seized in front of 1500 Blue Jay Way in Los Angeles, California on April 16, 2013 (the "Jonathan Hirsch Specific Property");

WHEREAS, on or about December 5, 2013, this Court entered a Consent Preliminary Order of Forfeiture/Money Judgment as to defendant Noah Siegel ("Siegel") forfeiting all of Siegel's right, title and interest in the following Specific Property: $400,000.00 in United States currency seized from 34-36 10th Street, Apartment #6W, New York, New York on April 16, 2013 (the "Siegel Specific Property");

WHEREAS, on or about April 21, 2014, this Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Properties as to defendant Illya Trincher forfeiting all of Illya Trincher's right, title and interest in the following Specific Property:

> (i) $3,797,829.00 held on deposit in Chase Bank account number 13085029065 in the name of Illya Trincher (the "Illya Trincher Account");
>
> (ii) the Poker Chips;
>
> (iii) $2,171.00 in United States currency seized in

the vicinity of Santa Monica Boulevard and Canon Drive in Beverly Hills, California on April 16, 2013 (the "Illya Trincher Cash");

(iv) One Black 2012 Porsche Cayenne bearing VIN # WP1AC2A22CLA83164 seized in the vicinity of Santa Monica Boulevard and Canon Drive in Beverly Hills, California on April 16, 2013 (the "Porsche");

(v) Any and all funds up to $917,000 on deposit in Wells Fargo Bank account number 290492719, and all property traceable thereto (the "WF-2719 Account");

(vi) Any and all funds up to $5,800,000 on deposit in Wells Fargo Bank account number 3904509068, and all property traceable thereto (the "WF-9068 Account");

(vii) Any and all funds up to $340,000 on deposit in Wells Fargo Bank account number 8507383811, and all property traceable thereto(the "WF-3811 Account");

(viii) Any and all funds up to $3,800,000 on deposit in City National Bank account number 112341137, and all property traceable thereto (the "CNB Account");

(ix) Any and all funds up to $650,000 on deposit in JP Morgan Chase Bank account number 759078777, and all property traceable thereto (the "JPMC Account");

(x) Any and all funds up to $70,000 on deposit in PNC Bank account number 3020916925, and all property traceable thereto (the "PNC Account"); and

(xi) Any and all funds up to $1,950,000 on deposit in Shanghai Commercial and Savings Bank account number 27108000256486, held in the name of Kings Cross LTD, and all property traceable thereto (the "SCSB Account");

WHEREAS, the provisions of 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules

G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of notice of forfeiture and of the Government's intent to dispose of the forfeited property before the United States can have clear title to the forfeited property;

WHEREAS, notice of forfeiture as to the Specific Property described herein was posted on an official Government Internet site (www.forfeiture.gov) for at least thirty consecutive days commencing on various dates in 2014.  Proof of such publications was filed with the Clerk of the Court on or about July 30, 2014 and March 30, 2015 (Docket Items 1074-1081, 1084, and 1196-1198);

WHEREAS Michael Sall, Jennifer Sall, Kathryn Sall and Elizabeth Sall (collectively "the Salls") asserted to the Government that they had ownership interests in Villanova Properties, LLC, and Hare Nichols Segal & Brint LLC ("Hare Nichols") asserted to the Government that it had an interest in $5,392.00 of the funds in the Villanova Account;

WHEREAS, on or about April 21, 2014, this Court entered a Stipulation and Order between the Salls and the Government (the "Sall Stipulation"), pursuant to which the Salls forfeited to the Government any and all interest in:

      (i)  The Villanova Account[5]; and

      (ii) 275,302 shares of common stock in Anachronix held by Villanova Properties, LLC (the "Anachronix Stock");

WHEREAS, the Sall Stipulation further ordered that the interests in Villanova Properties, LLC and its remaining assets forfeited to the United States by Vadim Trincher and Anatoly Golubchik be transferred to Jennifer Sall, Kathryn Sall, and Elizabeth Sall in equal shares;

WHEREAS, on or about August 20, 2014, this Court entered a Stipulation and Order providing that Hare Nichols receive $5,392.00 in United States currency from the Villanova Account, and that any right, title and interest of Hare Nichol's in the remainder of the Villanova Account funds (the "Forfeited Villanova Funds") be forfeited to the United States;

WHEREAS, ViMASS, LLC ("ViMass") asserted to the Government that it had an interest in the PNC Account;

WHEREAS, on or about August 20, 2014, this Court entered a Stipulation and Order providing that the ViMass receive $7,000 in United States currency from the PNC Account, and that any right, title

---

[5] The Sall Stipulation provided that one-third of the funds forfeited from the Villanova Account shall be credited toward the money judgment in the amount of $1,300,000 in United States currency entered against Michael Sall by the Court on or about December 4, 2013.

and interest of ViMass's in the remainder of the PNC Account funds (the "Forfeited PNC Funds") be forfeited to the United States;

WHEREAS, Richard Solomon ("Salomon") asserted to the Government that he had an interest in the WF-9068 Account;

WHEREAS, on or about October 6, 2014, this Court entered a Stipulation and Order under which the United States transferred all funds seized from the WF-9068 Account to Salomon;

WHEREAS, on or about June 12, 2014, Charles Pacheco ("Pacheco") filed a Petition claiming ownership of the CNB Account;

WHEREAS, on or about August 20, 2014, this Court entered a Stipulation and Order providing that Pacheco receive $3,515,000 in United States currency from the CNB Account, and that any right, title and interest of Pacheco's in the remaining CNB Account funds (the "Forfeited CNB Funds") be forfeited to the United States;

WHEREAS, on or about July 3, 2014, Boris Vaksman ("Vaksman") filed a Petition claiming ownership of 16% of S&T Capital, LLC;

WHEREAS, on or about October 15, 2014, this Court entered a Stipulation and Order (the "Vaksman Stipulation") providing that the United States would not seek to forfeit Vaksman's 16% interest in S&T Capital LLC, and that upon entry of a final order forfeiting the remaining 84% interest in S&T Capital LLC and it assets to the Government: (1) the Government would transfer $25,000 from the S&T

13

Funds to Vaksman; and (2) any right, title and interest of Vaksman's in the remaining $148,272.00 from the S&T Funds (the "Forfeited S&T Funds") would be forfeited to the United States; (3) the Government's 84% interest in S&T Capital LLC and its assets other than the Forfeited S&T Funds (collectively the "Forfeited S&T Interest"), would be transferred to Vaksman;

WHEREAS, on or about July 23, 2014, Tatyana Guza ("Guza") filed a Petition claiming ownership of $1,195,878 of the Trincher-Guza Investment Funds;

WHEREAS, on or about August 20, 2014, this Court entered a Stipulation and Order providing that Guza receive $1,000,000 in United States currency from the Trincher-Guza Investment Funds and that any right, title and interest of Guza's in the remaining $6,088,818.00 of the Trincher-Guza Investment Funds be forfeited to the United States (the "Forfeited Trincher-Guza Investment Funds");

WHEREAS, on or about August 12, 2014, Nicholas Schulman ("Schulman") asserted to the Government that he had an interest in the JPMC Account;

WHEREAS, on or about August 21, 2014, this Court entered a Stipulation and Order forfeiting to the United States all of Schulman's right, title and interest in the JPMC Account;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no

petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2); and

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture have been filed other than those resolved by the Stipulations and Orders described herein;

NOW, THEREFORE, on the application of Preet Bharara, Alexander J. Wilson, Assistant United States Attorney,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the following Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law:

    a. the Smith Specific Property;

    b. the Ting Specific Property;

    c. the Druzhinsky Specific Property;

    d. the Shteyngrob Specific Property;

    e. the Azen Specific Property;

    f. the Nahmad Specific Property;

    g. the Oratz Specific Property;

    h. the Jonathan Hirsch Specific Property;

    i. the Siegel Specific Property;

    j. the Northside Assets;

      k. the Poker Chips;

      l. the Vadim Trincher Cash;

      m. the Watch & Gemstone;

      n. the IB Account;

      o. the Vadim Trincher Account;

      p. the Golubchik 684 Account;

      q. the Golubchik 617 Account;

      r. the Golubchik Investment Funds;

      s. the Illya Trincher Account;

      t. the Illya Trincher Cash;

      u. the Porsche;

      v. the WF-2719 Account;

      w. the WF-3811 Account;

      x. the JPMC Account;

      y. the SCSB Account;

      z. the Anachronix Stock;

      aa.  the Forfeited Villanova Funds;

      bb.  the Forfeited PNC Funds;

      cc.  the Forfeited CNB Funds;

      dd.  the Forfeited S&T Funds;

      ee.  the Forfeited Trincher-Guza Investment Funds.

2.	Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.	The United States Marshals Service shall take possession of the Specific Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

4.	The Forfeited S&T Interest is hereby forfeited and vested in the United States of America, and, pursuant to the Vaksman Stipulation, hereby transferred from the United States to Vaksman.

5.	The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
          , 2015

                              SO ORDERED:


                              _____
                              HONORABLE JESSE M. FURMAN
                              UNITED STATES DISTRICT JUDGE

17